## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARVIN L. GRAY, JR.,

**Petitioner,**

v.                                                            CASE NO. 25-3197-JWL

STATE OF KANSAS[1],

**Respondent.**

## <u>MEMORANDUM AND ORDER</u>

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Marvin L. Gray, Jr., who also has filed a motion for leave to proceed in forma pauperis. (Docs. 1 and 2.) Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts provides that a habeas petitioner who files a motion for leave to proceed in forma pauperis must submit "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Local Rule 9.1(g)(2) contains the same requirement. *See* D. Kan. R. 9.1(g)(2). Although Petitioner submitted financial information to support his motion for leave to proceed in forma pauperis, the information appears to be a printout of a screen showing his inmate bank account balances on September 8, 2025. (Doc. 2-2.) It is not executed by or approved by the warden or another appropriate officer at Hutchinson Correctional Facility.

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Dan Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

Petitioner will be granted to and including October 29, 2025 in which to either pay the $5.00 filing fee or submit the financial certificate required by Habeas Rule 3(a)(2) and Local Rule 9.1(g)(2) to support his motion for leave to proceed in forma pauperis. If he fails to timely do so, this matter will be dismissed without prejudice for failure to comply with this order. In the interest of efficiency, however, the Court has begun the screening of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will direct Petitioner to file an amended petition that more clearly states his asserted grounds for relief and that asserts only grounds on which habeas relief could be granted.

## Background

In 2016, a jury in Sedgwick County, Kansas, convicted Petitioner of first-degree premeditated murder, rape, and aggravated burglary. (Doc. 1, p. 1-2.) The state district court sentenced him to life in prison without the possibility of parole for 50 years for the murder, 267 months in prison for the rape, and 34 months in prison for the aggravated burglary, with all sentences to be served consecutively. *State v. Gray*, 311 Kan. 164, 170 (2020) (*Gray I*). Petitioner pursued a direct appeal and, on February 28, 2020, the Kansas Supreme Court (KSC) affirmed.[2] *Id.* at 64.

In January 2021, Petitioner filed a motion in state district court seeking relief under K.S.A. 60-1507. (Doc. 1, p. 3); *Gray v. State*, 2024 WL 4470885 (Kan. Ct. App. Oct. 11, 2024) (*Gray II*),

---

[2] Petitioner states in his petition that he filed a petition for writ of certiorari in the United States Supreme Court, which was denied on July 30, 2025. (Doc. 1, p. 3.) But the case number Petitioner provides for his petition for writ of certiorari is the case number for a state-court appeal he later filed after his petition for state habeas relief was denied. And the date that Petitioner gives for the denial of his petition for writ of certiorari is the date that the KSC denied the petition for review in the appeal from the denial of state habeas relief. Neither the publicly available records of the KSC nor those of the United States Supreme Court reflect the filing of a petition for writ of certiorari related to Petitioner's direct appeal. This question need not be resolved at this time; the Court merely notes it here.

*rev. denied* July 30, 2025. The state district court summarily denied the motion, but after Petitioner alleged in a motion to reconsider that he was actually innocent of the crimes, the state district court allowed Petitioner "to pursue a claim based on actual innocence." *Id.* at *1. The district court held two evidentiary hearings on the issue in February 2022, after which it issued a written ruling denying relief. *Id.* at *2.

Petitioner appealed, arguing in the brief filed by counsel that the district court erred in analyzing his claims under K.S.A. 60-1507 and that his claims should have been considered under the framework for a motion for new trial under K.S.A. 22-3501(1). *Id.* Petitioner also filed a supplemental brief arguing that the district court erred in finding he was not entitled to relief under K.S.A. 60-1507. *Id.* The Kansas Court of Appeals (KCOA) held that the arguments in Petitioner's counsel's brief meant that Petitioner had waived and abandoned any argument that he was entitled to relief under K.S.A. 60-1507. *Id.* The KCOA further noted that the argument that the motion should have been considered under K.S.A. 22-3501(1) had not been raised below. *Id.* at *4. Moreover, the KCOA held that Petitioner had not shown that he was entitled to any exception to the general rule that "[i]ssues not raised before the district court generally cannot be raised on appeal." *Id.* (citing *State v. Green* 315 Kan. 178, 182 (2022)). *Id.* Thus, the KCOA declined to address the claim on its merits. *Id.* at *5.

Similarly, the KCOA held that the issues raised in Petitioner's pro se supplemental brief were different from those raised to the district court and Petitioner had "fail[ed] to argue or explain any exception under which they can be considered for the first time on appeal." *Id.* at *2, *5. Thus, the KCOA deemed the arguments in the pro se supplemental brief "waived or abandoned as improperly filed." *Id.* at *5 (citing *State v. Daniel*, 307 Kan. 428, 430 (2018)). The KCOA therefore affirmed the denial of relief. *Id.* Petitioner filed a petition for review with the KSC, which was

denied on July 30, 2025.

Petitioner filed his petition for habeas relief under 28 U.S.C. § 2254 on September 18, 2025 and began this federal habeas action. (Doc. 1.) He asserts four grounds for relief. *Id.* at 5-10. In Ground One, he argues a "[l]ack of [j]urisdiction." *Id.* at 5. As supporting facts for Ground One, Petitioner states that he was not *Mirandized* prior to a custodial interrogation and that statements from that interrogation were later used to convict him. *Id.* In Ground Two, Petitioner asserts that he received ineffective assistance from trial counsel. *Id.* at 6. As supporting facts for Ground Two, Petitioner states that trial counsel failed to "call exculpatory witnesses; witnesses named by Defendant; Expert Witnesses; Investigate States Witness [and] impeach State Witness; Investigate in General; object to prosecutor misconduct; Object to misstatement of physical evidence; and object to prosecution stating opinion during trial [*sic*]." *Id.*

In Ground Three, Petitioner asserts "prosecutorial misconduct." *Id.* at 8. As supporting facts for Ground Three, Petitioner states that a "K.S.A. 60-455 motion revealed false statements and document falsification. Prosecution misstated critical physical evidence and presented incomplete PowerPoint (DNA) omitting crucial DNA evidence." *Id.* In Ground Four, Petitioner asserts "judicial misconduct." *Id.* at 9. As supporting facts for Ground Four, Petitioner states that the "judge refused recusal despite being named a witness; and erroneous rulings on evidence and witness testimony." *Id.* As relief, Petitioner asks this Court to vacate his convictions and/or remand for a new trial. *Id.* at 14.

## Rule 4 Standards of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## Analysis

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

The petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The United States Supreme Court has explained that "[a] prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted'" or whether the petition should be summarily dismissed under Habeas Corpus Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). "If the court orders the [respondent] to file an answer, that pleading must 'address the allegations in the petition.'" *Id.* (citation omitted). This requires the allegations to be clear enough that the respondent will be able to address them.

The petition in this matter fails to comply with Rule 2(c) because it does not plead the

asserted grounds for relief with the level of particularity that allows the Court to conduct a meaningful Rule 4 review or would allow Respondent to answer if ordered to do so. Ground One broadly asserts a lack of jurisdiction, but the facts asserted to support Ground One deal with the failure to *Mirandize* Petitioner and the use of un-*Mirandized* statements to convict him. Even liberally construing the petition, it remains unclear how a failure to *Mirandize* or the use of un-*Mirandized* statements translates to a claim that the state courts lacked jurisdiction over Petitioner. But Petitioner's clear statement that Ground One is based on a lack of jurisdiction leaves the Court hesitant to liberally construe Ground One as raising a Fifth Amendment argument. *See Miranda v. Arizona*, 384 U.S. 436, 439 (1966) (addressing "the necessity for procedures which assure that the individual is accorded his privilege under the Fifth Amendment to the Constitution not to be compelled to incriminate himself").

The determination of the precise nature of the violation on which Petitioner bases each ground for relief is an important part of the Rule 4 review because a federal "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). This means that in order to state a valid claim for federal habeas relief from a state-court conviction, a petitioner must allege the violation of a federal right. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Where a petitioner fails to allege the violation of a federal right, he or she has failed to state a claim upon which federal habeas relief may be granted under 28 U.S.C. § 2254. *See Walker v. Geither*, 2024 WL 2955710, *2-3 (D. Kan. June 12, 2024) (holding that asserted "abuse of discretion" by state court did not state a plausible claim for federal

habeas relief and was therefore subject to dismissal).

Turning to the petition now before the Court, Ground Two is the only asserted ground for relief for which the nature of the underlying violation is clear. It does not identify a specific constitutional provision, but it is obviously intended to assert the violation of the Sixth Amendment's guarantee of effective assistance of counsel, made applicable to the states through the Fourteenth Amendment. Thus, under the liberal construction afforded to pro se litigants' pleadings, Ground Two alleges the violation of the Sixth Amendment. But even when Grounds One, Three, and Four are liberally construed, they do not identify a constitutional or federal right that was violated. Thus, they are subject to dismissal.

Petitioner will be granted time in which to file a complete and proper amended petition that clearly identifies for each asserted ground for relief the constitutional or federal right that was violated. Any ground for relief asserted in the amended petition that, even when liberally construed, fails to do so may be dismissed without prejudice and without further prior notice to Petitioner.

Even setting aside the lack of clarity about the federal or constitutional rights upon which Petitioner bases his grounds for federal habeas relief, the petition now before the Court fails to assert sufficiently specific facts to comply with Rule 2(c). With respect to Ground One, Petitioner has not identified the un-*Mirandized* statements that he believes should not have been admitted, nor does he explain how those statements were "used to build [the] case and convict" him. (*See* Doc. 1, p. 5.) Although Petitioner need not recreate the trial record in his petition, he must provide sufficiently specific facts to allow the Court and Respondent to understand the facts on which his asserted grounds for relief are based.

Similarly, Ground Two alleges ineffective assistance of trial counsel, but the supporting

7

facts consist of a list broad categories with no details, which would leave Respondent unable to properly answer this claim for relief. For example, Petitioner argues in Ground Two that trial counsel failed to call exculpatory witnesses and expert witnesses but does not identify any witnesses he believes counsel should have called or explain what testimony they could have given. He argues that trial counsel was ineffective for failure to object to prosecutorial misconduct, the misstatement of physical evidence, and the prosecutor stating an opinion during trial, but Petitioner does not provide any more details. He does not identify the statement or context in which the prosecutor stated his or her opinion, for example, or identify the physical evidence that the prosecutor allegedly "misstated."

The same deficiencies occur in Grounds Three and Four. Ground Three generally alleges false statements, document falsification, and the omission of DNA evidence. But Petitioner does not identify any specific statements that were false or documents that were falsified, nor does he state what DNA evidence was omitted, and he wholly fails to explain how these falsifications or omissions factored into the trial or prejudiced him. Ground Four generally asserts that a judge "refused recusal" and made erroneous rulings on evidentiary issues, but Petitioner fails to state which judge refused recusal, the circumstances under which the recusal was sought and denied, or any specific evidentiary rulings Petitioner believes were erroneous.

The Court further notes that the nature of the evidentiary rulings Petitioner wishes to challenge may affect whether the rulings as a matter of law can provide a basis for federal habeas relief. The United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *See Stone v. Powell*, 428 U.S. 465, 494 (1976). Thus, to the extent that

any of the evidence that was allegedly erroneously admitted at trial was obtained though unconstitutional search or seizure, it may not serve as the basis for federal habeas relief unless Petitioner also shows that the State denied him the opportunity to fully and fairly litigate this claim.

From the limited facts in the petition, the Court cannot determine, as required by Rule 4, whether Petitioner "is not entitled to relief in the district court." Thus, it is unable to conduct a meaningful Rule 4 review. In addition, in order to determine whether all asserted grounds for relief in this matter have been exhausted in the state courts as required, the Court must be able to identify the grounds Petitioner intends to assert. On the petition now before the Court, the Court cannot do so with confidence. The Court concludes that the most efficient way to resolve the confusion in this matter is to direct Petitioner to file a complete and proper amended petition.

The amended petition must be on the required, court-approved form, which the Court will direct the clerk to provide to Petitioner, and it must be complete in and of itself. The amended petition may not simply refer back to the initial petition or attempt to incorporate by reference other filings with this Court. To be clear, any grounds for relief not included in the amended petition will not be considered by the Court. The amended petition should clearly state the individual grounds for relief Petitioner asserts in this federal habeas matter. Each claim for relief— or, as they are referred to in this context, each "ground" (Ground One, Ground Two, etc.)—should allege one constitutional violation or the violation of a federal right and it must assert with specificity the facts that support Petitioner's claim regarding that violation. If Petitioner fails to timely file an amended petition that complies with this order, this matter may be dismissed without prejudice and without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Dan Schnurr, Warden of Hutchinson Correctional

Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **October 29, 2025** in which to either pay the $5.00 filing fee or submit the financial certificate required by Habeas Rule 3(a)(2) and Local Rule 9.1(g)(2) to support his motion for leave to proceed in forma pauperis. If Petitioner fails to comply with this deadline, this matter may be dismissed without prejudice for failure to comply with a court order.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **October 29, 2025** in which to file a complete and proper amended petition that clearly states the grounds for relief asserted in this action and complies with this order. If Petitioner fails to do so, this matter may be dismissed without prejudice and without further prior notice to Petitioner. The clerk is directed to provide to Petitioner the required form for filing an amended petition under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

DATED:   This 29th day of September, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge