**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MARVIN L. GRAY, JR.,**

                                            **Petitioner,**

       v.                                                                          **CASE NO. 25-3197-JWL**

**DAN SCHNURR[1],**

                                            **Respondent.**

**MEMORANDUM AND ORDER**

      Petitioner and Kansas state prisoner Marvin L. Gray seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He proceeds pro se and has paid the filing fee. The Court reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determined that it failed to comply with Rule 2(c) of the same rules. Thus, on September 29, 2025, the Court issued an order directing Petitioner to file an amended petition that complied with Rule 2(c). (Doc. 3.) Petitioner timely filed his amended petition (Doc. 4), which the Court has reviewed as required by Rule 4. The Court concludes that deficiencies in the amended petition, which are explained below, leave Grounds One, Three, and Four of this matter subject to dismissal. Petitioner will be granted time in which to file a second amended petition that cures the deficiencies. If he fails to do so, the Court will dismiss Grounds One, Three, and Four of this matter and the case will proceed on Ground Two alone.

---

[1] In his initial petition, Petitioner named the State of Kansas as Respondent in this action. In an order issued on September 29, 2025, the Court substituted Dan Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, as Respondent in this action, explaining the relevant law that requires the warden of the petitioner's place of confinement to be named as the respondent. (Doc. 3, p. 1 n.1.) Despite this, in the amended petition, Petitioner again names the State of Kansas as Respondent. (Doc. 4, p. 1.) The Court maintains its prior finding that Dan Schnurr is the proper Respondent in this action and thus the caption of this case remains the same.

**Background**

To fully appreciate Petitioner's asserted grounds for federal habeas relief, it is helpful to relate some of the facts of his convictions. Around midnight on June 24, 2015, Michael Rolle spoke to his girlfriend, C.R., on the telephone. *State v. Gray*, 311 Kan. 164, 164 (2020) (*Gray I*). Mr. Rolle attempted to reach C.R. the next day but got no response and, when he went to C.R.'s home, he discovered C.R.'s body in the bathtub; she had been stabbed to death. *Id.* at 164-65. Police investigated and discovered that C.R. and Petitioner had been in contact by telephone on June 24, 2015. *Id.* at 166. Police interviewed Petitioner on June 26, 2015 at a private residence and Petitioner said that on June 24, he and C.R. had gone shopping, gone to a friend's house, drank alcohol, ingested cocaine, and had sex in a nearby alley, after which C.R. went home and Petitioner stayed at the friend's house. *Id.* Petitioner had a cut on his hand, which officers photographed and which Petitioner said was a work injury. *Id.*

Further investigation confirmed that Petitioner and C.R. went shopping as Petitioner had related but had not had sex in the alley. *Id.* Video showed Petitioner leaving the friend's house around 1:30 a.m. on June 25, 2015 and returning approximately 6 hours later; cell phone records showed Petitioner's cellphone was "in the area of C.R.'s residence around 4:49 a.m." *Id.* In addition, Petitioner's blood was found at C.R.'s house near a broken window and in the bathroom, his semen was on a swab taken from C.R.'s body, his DNA was on some toiletries, and his handprints and fingerprints were on the outside of the broken window. *Id.* at 166-67. Police interviewed Petitioner again, this time at the police station, and Petitioner told officers that he had been at C.R.'s home in the early hours of June 25, 2015, where they had consensual sex. *Id.* at 167.

In 2016, a jury in Sedgwick County, Kansas, convicted Petitioner of first-degree premeditated murder, rape, and aggravated burglary. (Doc. 4, p. 1-2.) The state district court

sentenced him to life in prison without the possibility of parole for 50 years for the murder, 267 months in prison for the rape, and 34 months in prison for the aggravated burglary, with all sentences to be served consecutively. *Id.* at 1; *Gray I*, 311 Kan. at 170. Petitioner pursued a direct appeal and, on February 28, 2020, the Kansas Supreme Court (KSC) affirmed.[2] *Id.* at 64.

In January 2021, Petitioner filed a motion in state district court seeking relief under K.S.A. 60-1507. (Doc. 4, p. 3); *Gray v. State*, 2024 WL 4470885 (Kan. Ct. App. Oct. 11, 2024) (*Gray II*), *rev. denied* July 30, 2025. The state district court summarily denied the motion, but after Petitioner alleged in a motion to reconsider that he was actually innocent of the crimes, the state district court allowed Petitioner "to pursue a claim based on actual innocence." *Gray II*, 2024 WL 4470885, at *1. The district court held two evidentiary hearings on the issue in February 2022, after which it issued a written ruling denying relief. *Id.* at *2.

Petitioner appealed, arguing in the brief filed by counsel that the district court erred in analyzing his claims under K.S.A. 60-1507 and that his claims should have been considered under the framework for a motion for new trial under K.S.A. 22-3501(1). *Id.* Petitioner also filed a supplemental brief arguing that the district court erred in finding he was not entitled to relief under K.S.A. 60-1507. *Id.* The Kansas Court of Appeals (KCOA) held that the arguments in Petitioner's counsel's brief meant that Petitioner had waived and abandoned any argument that he was entitled to relief under K.S.A. 60-1507. *Id.* The KCOA further noted that Petitioner had not argued to the district court that the motion should have been considered under K.S.A. 22-3501(1) and Petitioner

---

[2] As he did in his initial petition, Petitioner states in his amended petition that he filed a petition for writ of certiorari in the United States Supreme Court, which was denied on July 30, 2025. (*See* Doc. 1, p. 3; Doc. 4, p. 3.) But the case number Petitioner provides for his petition for writ of certiorari is the case number for a state-court appeal he filed after his petition for state habeas relief was denied. *Id.* And the date that Petitioner gives for the denial of his petition for writ of certiorari is the date that the KSC denied the petition for review in the appeal from the denial of state habeas relief. Neither the publicly available records of the KSC nor those of the United States Supreme Court reflect the filing of a petition for writ of certiorari related to Petitioner's direct appeal. This question need not be resolved at this time; the Court merely notes it here.

3

had not shown that he was entitled to any exception to the general rule that "[i]ssues not raised before the district court generally cannot be raised on appeal." *Id.* at *4 (citing *State v. Green*, 315 Kan. 178, 182 (2022)). *Id.* Thus, the KCOA declined to address the claim on its merits. *Id.* at *5.

Similarly, the KCOA held that the issues raised in Petitioner's pro se supplemental brief were different from those raised to the district court and Petitioner had "fail[ed] to argue or explain any exception under which they can be considered for the first time on appeal." *Id.* at *2, *5. Thus, the KCOA deemed the arguments in the pro se supplemental brief "waived or abandoned as improperly filed." *Id.* at *5 (citing *State v. Daniel*, 307 Kan. 428, 430 (2018)). The KCOA therefore affirmed the denial of relief. *Id.* Petitioner filed a petition for review with the KSC, which was denied on July 30, 2025.

Petitioner filed his petition for habeas relief under 28 U.S.C. § 2254 on September 18, 2025 and began this federal habeas action. (Doc. 1.) The controlling amended petition was filed on October 13, 2025. (Doc. 4.) In the amended petition, Petitioner asserts four grounds for relief. *Id.* at 5-6, 8-9, 17-21. In Ground One, he argues a "[l]ack of [j]urisdiction." *Id.* at 5. As supporting facts for Ground One, Petitioner states that the initial interview with police at a private residence was a custodial interrogation but officers did not advise him of his *Miranda* rights. *Id.* at 17. Petitioner points out that during the interview, he told police that he had sex with C.R. *Id.* at 17. He asserts that this statement was cited by the State during the preliminary hearing as a basis for charging him with rape. *Id.* Petitioner argues that this Fifth Amendment violation deprived the state court of personal jurisdiction over him. *Id.*

In Ground Two, Petitioner asserts that he received ineffective assistance from trial counsel. *Id.* at 6. He identifies eight instances of this ineffective assistance. First, he asserts that trial counsel failed to investigate statements made by De'Angelo Murdock or call Mr. Murdock to testify about

4

statements he made to police about seeing two men at C.R.'s house, one of whom he knew by name from previous drug transactions. *Id.* at 18. Second, Petitioner asserts that trial counsel failed to consult with expert witnesses regarding how submerging a body in water would affect toxicology results. *Id.* Petitioner points out that he drank alcohol and snorted cocaine with C.R., but the toxicology tests run on her were negative. *Id.*

Third, Petitioner asserts that trial counsel was ineffective for failing to challenge the prosecution's description of the position in which C.R. was found, which was not supported by "discovery." *Id.* Fourth, he argues that trial counsel was ineffective for failing to object to the prosecutor "inform[ing] the Court that no other DNA was found when discovery shows DNA belonging to an unknown male and to a male unable to have children." *Id.* Fifth, Petitioner asserts that trial counsel was ineffective for failing to object when the prosecutor used a PowerPoint presentation that omitted crucial DNA evidence. *Id.* at 18-19.

Sixth, Petitioner contends that trial counsel "proceeded to go to trial after knowing from [C.R.'s] sister that 'she knew who killed her sister but was afraid because he would be in court,'" when trial counsel should have fully investigated C.R.'s sister's statement. *Id.* Seventh, Petitioner asserts that trial counsel was ineffective for failing to properly impeach a State witness "who perjured herself in police statements about an alle[]ged rape unrelated to this case." *Id.* And finally, Petitioner identifies opinions the prosecutor stated at trial that were not supported by evidence but to which trial counsel did not object. *Id.*

In Ground Three, Petitioner asserts "prosecutorial misconduct." *Id.* at 8. As supporting facts for Ground Three, Petitioner alleges that the prosecutor knowingly presented false trial testimony from a witness who testified that Petitioner had strangled and raped her 2 years before C.R. was killed. *Id.* at 20; *see also Gray I*, 311 Kan. at 167. Petitioner argues that the witness' trial

testimony differed from the anticipated testimony outlined in the pretrial K.S.A. 60-455 motion, which Petitioner attributes to manipulative tactics by the prosecutor. (Doc. 4, p. 20.) Petitioner also asserts prosecutorial misconduct occurred when the prosecutor, at trial, knowingly misstated the position in which C.R.'s body was found, falsely stated that Petitioner's blood was found in various places when it was not, and used the PowerPoint presentation that omitted evidence that DNA from an unknown male was present. *Id.*

In Ground Four, Petitioner asserts "[j]udicial misconduct." *Id.* at 9. As supporting facts for Ground Four, Petitioner states that the trial judge went off the record to address the change in the K.S.A. 60-455 witness' testimony, the judge denied Petitioner's subsequent motion for a mistrial, and the judge denied Petitioner's motion to recuse. *Id.* at 21. As relief, Petitioner asks this Court to vacate his convictions and/or remand for a new trial. *Id.* at 14.

## Rule 4 Standards of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## Analysis

To his credit, Petitioner has cured the deficiencies in the initial petition that caused it to fail

6

to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. (*See* Doc. 3, p. 5-8.) As also stated in the M&O, however:

> [A] federal "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). This means that in order to state a valid claim for federal habeas relief from a state-court conviction, a petitioner must allege the violation of a federal right. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Where a petitioner fails to allege the violation of a federal right, he or she has failed to state a claim upon which federal habeas relief may be granted under 28 U.S.C. § 2254. *See Walker v. Geither*, 2024 WL 2955710, *2-3 (D. Kan. June 12, 2024) (holding that asserted "abuse of discretion" by state court did not state a plausible claim for federal habeas relief and was therefore subject to dismissal).

*Id.* at 6-7

In the initial petition filed in this matter, as in the amended petition, Ground One asserted a "lack of jurisdiction," Ground Two asserted ineffective assistance of trial counsel, Ground Three asserted "prosecutorial misconduct," and Ground Four asserted "judicial misconduct." (Doc. 1, p. 5-6, 8-9. In the M&O, the Court explained:

> Ground Two is the only asserted ground for relief for which the nature of the underlying violation is clear. It does not identify a specific constitutional provision, but it is obviously intended to assert the violation of the Sixth Amendment's guarantee of effective assistance of counsel, made applicable to the states through the Fourteenth Amendment. Thus, under the liberal construction afforded to pro se litigants' pleadings, Ground Two alleges the violation of the Sixth Amendment. But even when Grounds One, Three, and Four are liberally construed, they do not identify a constitutional or federal right that was violated. Thus, they are subject to dismissal.
>
> Petitioner will be granted time in which to file a complete and proper amended petition that clearly identifies for each asserted ground for relief the constitutional or federal right that was violated. Any ground for relief asserted in the amended petition that, even when liberally construed, fails to do so may be dismissed without prejudice and without further prior notice to Petitioner.

*Id.* at 7.

Although Petitioner has much more clearly identified the facts he alleges to support his asserted grounds for relief, he still fails in the amended petition to identify the constitutional or federal right that was violated by the actions detailed in Grounds One, Three, or Four. In Ground One, he briefly refers to the Fifth Amendment, but he does not explain how a Fifth Amendment violation deprived the state court of personal jurisdiction.[3] If Petitioner wishes to assert a Fifth Amendment violation in Ground One, he may do so, but if he wishes to assert a jurisdictional argument, he must further explain how jurisdiction is affected. Similarly, Petitioner's general reference to prosecutorial and judicial misconduct in Grounds Three and Four is not sufficient to allege a federal constitutional violation. In order to state a claim upon which federal habeas relief can be granted, Petitioner must identify the constitutional provision that was violated by the misconduct.

Although the Court could dismiss Grounds One, Three, and Four at this time, it will instead grant Petitioner a final opportunity to file a petition that cures the deficiencies described above. The second amended petition must be on the required, court-approved form, which the Court will direct the clerk to provide to Petitioner, and it must be complete in and of itself. The second amended petition may not simply refer back to the initial petition or the amended petition or attempt to incorporate by reference other filings with this Court. To be clear, any grounds for relief

---

[3] As the Kansas Supreme Court has explained:

> "Jurisdiction refers to the adjudicatory power or competency of the court[ ] and not to the rights of the parties as between themselves." 21 C.J.S. Courts § 12. A district court's legal authority to issue binding orders "requires both subject matter jurisdiction and personal jurisdiction." *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 92, 106 P.3d 492 (2005).
>
> "Personal jurisdiction involves a court's power to make an adjudication applicable to a person, contrary to that person's legal interests, and binding the particular person. A court's personal jurisdiction refers to its power to impose judgment on a particular person." 21 C.J.S. Courts § 44. In criminal cases, personal jurisdiction "is based on physical presence, usually obtained through arrest." Perritt, *Jurisdiction in Cyberspace*, 41 Vill. L. Rev.

*State v. Barnes*, 320 Kan. 147, 156 (2025).

not included in the second amended petition will not be considered by the Court. The second amended petition should clearly state the individual grounds for relief Petitioner asserts in this federal habeas matter. Each claim for relief—or, as they are referred to in this context, each "ground" (Ground One, Ground Two, etc.)—should allege one constitutional violation or the violation of a federal right and it must assert with specificity the facts that support Petitioner's claim regarding that violation. If Petitioner fails to timely file a second amended petition that complies with this order, the Court will dismiss Grounds One, Three, and Four of the amended petition and this matter will proceed on Ground Two alone.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **November 25, 2026** in which to file a complete and proper second amended petition that complies with this order. If Petitioner fails to do so, Grounds One, Three, and Four of this matter will be dismissed without prejudice and without further prior notice to Petitioner and this case will proceed on Ground Two alone. The clerk is directed to provide to Petitioner the required form for filing a second amended petition under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

DATED:   This 24th day of October, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge