IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARVIN L. GRAY, JR.,

                Petitioner,

      v.                                        CASE NO. 25-3197-JWL

DAN SCHNURR,

                Respondent.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Marvin L. Gray, Jr., a state prisoner incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. Petitioner has paid the required filing fee. This matter comes before the Court on Petitioner's second amended petition (Doc. 9), which was filed on November 3, 2025. The Court has conducted the review of the second amended petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will be granted time to show cause, in writing, why this matter should not be dismissed for the reasons explained below.

**Background**

To fully appreciate Petitioner's asserted grounds for federal habeas relief, it is helpful to relate some of the facts of his convictions. Around midnight on June 24, 2015, Michael Rolle spoke to his girlfriend, C.R., on the telephone. *State v. Gray*, 311 Kan. 164, 164 (2020) (*Gray I*). Mr. Rolle attempted to reach C.R. the next day but got no response and, when he went to C.R.'s home, he discovered C.R.'s body in the bathtub; she had been stabbed to death. *Id.* at 164-65. Police investigated and discovered that C.R. and Petitioner had been in contact by telephone on June 24, 2015. *Id.* at 166. Police interviewed Petitioner on June 26, 2015 at a private residence and

1

Petitioner said that on June 24, he and C.R. had gone shopping, gone to a friend's house, drank alcohol, ingested cocaine, and had sex in a nearby alley, after which C.R. went home and Petitioner stayed at the friend's house. *Id.* Petitioner had a cut on his hand, which officers photographed and which Petitioner said was a work injury. *Id.*

Further investigation confirmed that Petitioner and C.R. went shopping as Petitioner had related but had not had sex in the alley. *Id.* Video showed Petitioner leaving the friend's house around 1:30 a.m. on June 25, 2015 and returning approximately 6 hours later; cell phone records showed Petitioner's cellphone was "in the area of C.R.'s residence around 4:49 a.m." *Id.* In addition, Petitioner's blood was found at C.R.'s house near a broken window and in the bathroom, his semen was on a swab taken from C.R.'s body, his DNA was on some toiletries, and his handprints and fingerprints were on the outside of the broken window. *Id.* at 166-67. Police interviewed Petitioner again, this time at the police station, and Petitioner told officers that he had been at C.R.'s home in the early hours of June 25, 2015, where they had consensual sex. *Id.* at 167.

In 2016, a jury in Sedwick County, Kansas, convicted Petitioner of first-degree premeditated murder, rape, and aggravated burglary. (Doc. 4, p. 1-2.) The state district court sentenced him to life in prison without the possibility of parole for 50 years for the murder, 267 months in prison for the rape, and 34 months in prison for the aggravated burglary, with all sentences to be served consecutively. *Id.* at 1; *Gray I*, 311 Kan. at 170. Petitioner pursued a direct appeal and, on February 28, 2020, the Kansas Supreme Court (KSC) affirmed. *Id.* at 164. Petitioner states that he did not file a petition for writ of certiorari in the United States Supreme Court.

In January 2021, Petitioner filed a motion in state district court seeking relief under K.S.A. 60-1507. (Doc. 4, p. 3); *Gray v. State*, 2024 WL 4470885 (Kan. Ct. App. Oct. 11, 2024) (*Gray II*), *rev. denied* July 30, 2025. The state district court summarily denied the motion, but after Petitioner

alleged in a motion to reconsider that he was actually innocent of the crimes, the state district court allowed Petitioner "to pursue a claim based on actual innocence." *Gray II*, 2024 WL 4470885, at *1. The district court held two evidentiary hearings on the issue in February 2022, after which it issued a written ruling denying relief. *Id.* at *2.

Petitioner appealed, arguing in the brief filed by counsel that the district court erred in analyzing his claims under K.S.A. 60-1507 and that his claims should have been considered under the framework for a motion for new trial under K.S.A. 22-3501(1). *Id.* Petitioner also filed a supplemental brief arguing that the district court erred in finding he was not entitled to relief under K.S.A. 60-1507. *Id.* The Kansas Court of Appeals (KCOA) held that the arguments in Petitioner's counsel's brief meant that Petitioner had waived and abandoned any argument that he was entitled to relief under K.S.A. 60-1507. *Id.* The KCOA further noted that Petitioner had not argued to the district court that the motion should have been considered under K.S.A. 22-3501(1) and Petitioner had not shown that he was entitled to any exception to the general rule that "[i]ssues not raised before the district court generally cannot be raised on appeal." *Id.* at *4 (citing *State v. Green*, 315 Kan. 178, 182 (2022)). *Id.* Thus, the KCOA declined to address the claim on its merits. *Id.* at *5.

Similarly, the KCOA held that the issues raised in Petitioner's pro se supplemental brief were different from those raised to the district court and Petitioner had "fail[ed] to argue or explain any exception under which they can be considered for the first time on appeal." *Id.* at *2, *5. Thus, the KCOA deemed the arguments in the pro se supplemental brief "waived or abandoned as improperly filed." *Id.* at *5 (citing *State v. Daniel*, 307 Kan. 428, 430 (2018)). The KCOA therefore affirmed the denial of relief. *Id.* Petitioner filed a petition for review with the KSC, which was denied on July 30, 2025.

Petitioner filed his petition for habeas relief under 28 U.S.C. § 2254 on September 18, 2025

3

and began this federal habeas action. (Doc. 1.) The second amended petition was filed on November 3, 2025. (Doc. 9.) In the amended petition, Petitioner asserts four grounds for relief. *Id.* at 5-6, 8-9, 17-21. In Ground One, he argues a "[l]ack of [j]urisdiction." *Id.* at 5. As supporting facts for Ground One, Petitioner states that on June 26, 2015, he was questioned during a custodial interrogation but officers did not advise him of his *Miranda* rights. *Id.* at 17. Thus, Petitioner asserts that "the process by which he was haled into court violated Kansas law and his due process rights," rendering his arrest jurisdictionally defective and depriving the trial court of personal jurisdiction over him. *Id.*

In Ground Two, Petitioner asserts that he received ineffective assistance from trial counsel. *Id.* at 6. He identifies eight instances of this ineffective assistance. First, he asserts that trial counsel failed to investigate statements made by De'Angelo Murdock or call Mr. Murdock to testify to statements he made to police about seeing two men at C.R.'s house, one of whom he knew by name from previous drug transactions. *Id.* at 18. Second, Petitioner asserts that trial counsel failed to consult with expert witnesses regarding how submerging a body in water would affect toxicology results. *Id.* Petitioner points out that he drank alcohol and snorted cocaine with C.R., but the toxicology tests run on C.R. were negative. *Id.*

Third, Petitioner asserts that trial counsel was ineffective for failing to challenge the prosecution's description of the position in which C.R. was found, which was not supported by "discovery." *Id.* Fourth, he argues that trial counsel was ineffective for failing to object to the prosecutor "inform[ing] the Court that no other DNA was found when discovery shows DNA belonging to an unknown male and to a male unable to have children." *Id.* Fifth, Petitioner asserts that trial counsel was ineffective for failing to object when the prosecutor used a PowerPoint presentation that omitted crucial DNA evidence. *Id.* at 18-19.

Sixth, Petitioner contends that trial counsel "proceeded to go to trial after knowing from [C.R.'s] sister that 'she knew who killed her sister but was afraid because he would be in court,'" when trial counsel should have fully investigated C.R.'s sister's statement. *Id.* Seventh, Petitioner asserts that trial counsel was ineffective for failing to properly impeach a State witness "who perjured herself in police statements about an alle[]ged rape unrelated to this case." *Id.* And finally, Petitioner identifies opinions the prosecutor stated at trial that were not supported by evidence but to which trial counsel did not object. *Id.*

In Ground Three, Petitioner asserts "prosecutorial misconduct." *Id.* at 8. As supporting facts for Ground Three, Petitioner alleges that the prosecutor had prior knowledge that one of the State's witnesses gave false statements to law enforcement yet relief on those false statements to support a pretrial motion. *Id.* at 20. Petitioner also asserts prosecutorial misconduct occurred when the prosecutor, at trial, knowingly misstated the position in which C.R.'s body was found, falsely stated that Petitioner's blood was found in places where it had not been found, and used the PowerPoint presentation that omitted evidence that DNA from an unknown male was present. *Id.* at 20-21. Plaintiff also alleges that the presentation of false or misleading evidence and argument deprived him of his constitutional rights to due process and a fair trial. *Id.* at 21.

In Ground Four, Petitioner asserts "[j]udicial misconduct." *Id.* at 9. As supporting facts for Ground Four, Petitioner states that the trial judge allowed perjured testimony, went off the record to address a change a witness' testimony, the judge denied Petitioner's subsequent motion for a mistrial, and the judge denied Petitioner's motion to recuse. *Id.* Petitioner contends that these actions violated his constitutional rights to due process and a fair trial, as well as Kansas Supreme Court rules related to judicial misconduct. *Id.* As relief, Petitioner asks this Court to vacate his convictions and/or remand for a new trial. *Id.* at 14.

## Analysis

As an initial note, the Court appreciates Petitioner's efforts to clearly identify the constitutional violations he asserts in the grounds for relief asserted in the second amended petition. Petitioner's efforts have made it possible for the Court to conduct a meaningful review of the second amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading during this review, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

### Exhaustion Standards

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To satisfy the exhaustion requirement, Petitioner

must have presented the very issues raised in the federal petition to the either the KCOA or the KSC, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

## Discussion

Paraphrasing Ground One, Petitioner argues that law enforcement's failure to advise him of his *Miranda* rights prior to a custodial interrogation rendered his later arrest constitutionally invalid and deprived the state trial court of personal jurisdiction over him. Petitioner concedes that this argument was not raised in the direct appeal because his appellate counsel refused to raise it. (Doc. 9, p. 5.) He also concedes that he did not raise this argument to the state courts in a post-conviction proceeding, citing the COVID-19 lockdown as the reason for failing to do so. *Id.* at 5-6. Ground Two alleges ineffective assistance of trial counsel. Petitioner admits that he did not raise the arguments now in Ground Two during his direct appeal, explaining that appellate counsel refused to raise them. *Id.* at 7. Although Petitioner asserts that he raised the claims now in Ground Two during his K.S.A. 60-1507 proceedings in the state district court, he concedes that they were not raised in the appeal from the denial of K.S.A. 60-1507 relief. *Id.* Petitioner explains that "appellate counsel did not raise issue due to dismissal." *Id.* at 8 (all errors in original).

Ground Three, which rests on allegations of "prosecutorial misconduct," contains arguments that Petitioner states were not raised in the direct appeal because his appellate counsel refused to do so. *Id.* As with Ground Two, Petitioner asserts that he raised the arguments now in Ground Three during the K.S.A. 60-1507 proceedings in the state district court, but Petitioner has left blank the remainder of the space in the second amended petition for setting out information on

the exhaustion of Ground Three. *Id.* at 9.

Finally, the information in the second amended petition regarding the exhaustion of Ground Four, which rests on allegations of "judicial misconduct," is somewhat contradictory. Petitioner states that he did not raise the arguments now in Ground Four during his direct appeal, but he also states that he "raised for the first time on appeal, denied hearing it." *Id.* at 10. Petitioner does concede that he did not raise the arguments now in Ground Four during his K.S.A. 60-1507 proceedings, either in the district court or on appeal, but in the space to explain why he did not raise the issue, Petitioner has written only "Dismissed." *Id.* at 11-12.

The Court has reviewed the information currently before it, as well as the opinions of the state appellate courts in Petitioner's direct appeal and his appeal from the denial of K.S.A. 60-1507 relief. After doing so, the Court concludes that Petitioner has not shown that he properly exhausted any of the arguments in the second amended petition. Simply put, there is no indication that Petitioner made the arguments in his second amended petition to either the KCOA or the KSC at the procedurally appropriate time. As explained above, in order to exhaust these issues so that this Court can consider them now on the merits, Petitioner needed to do so. *See Picard*, 404 U.S. at 275-76; Kan. S. Ct. Rule 8.03B(a). There is no indication that he did so. Accordingly, Grounds One through Four appear unexhausted.

When a federal habeas petition contains only unexhausted claims and state-court remedies are still available for the unexhausted claims, the federal court generally should dismiss the matter "without prejudice so that the petitioner can pursue available state-court remedies." *Grant*, 886 F.3d at 891-92 (internal citations and quotation marks omitted). But where a petitioner has failed to present a claim in the state appellate courts, and would be procedurally barred from presenting it if he returned to state court, there is an anticipatory procedural bar that prevents the federal court

from addressing the claim on its merits. *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). The claim is referred to as being barred by anticipatory procedural default.

It appears at this time that no procedural avenue exists by which Petitioner could return to state court to exhaust the arguments he asserts in this federal habeas matter. Petitioner's direct appeal is final, as is his K.S.A. 60-1507 proceeding. Any future K.S.A. 60-1507 proceeding Petitioner brings to challenge alleged trial errors such as those now asserted in his federal habeas petition would likely be barred as a successive motion, *see* K.S.A. 60-1507(c), and as untimely, *see* K.S.A. 60-1507(f). Moreover, the KSC has clearly held that "a K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal, unless the movant demonstrates exceptional circumstances excusing earlier failure to bring the issue before the court." *See State v. Brown*, 318 Kan. 446, 448-49 (2024). Thus, because Petitioner has failed to properly exhaust his arguments in state court and he cannot now do so, this Court considers the claim barred by anticipatory procedural default and it cannot address the merits of the arguments.

If Petitioner knows of a procedurally proper way in which he could return to state court and present his arguments there, he should inform this Court, in writing, and the Court will consider dismissing this matter without prejudice so that Petitioner can return to state court to exhaust his claims. Otherwise, all of the arguments in the operative second amended petition appear barred by anticipatory procedural default and must be dismissed with prejudice. In his response to this order, Petitioner may choose to argue that some or all of the asserted grounds for federal habeas relief were properly exhausted. To succeed on such an argument, Petitioner must show this Court that he raised the same argument, asserting the same federal constitutional violation as he does now, to the KCOA or the KSC and he must show that the KCOA or the KSC ruled on his argument.

Petitioner also may choose to concede that some or all of the arguments he asserts in this federal habeas matter have not been properly exhausted but are not barred by anticipatory procedural default. To succeed on such an argument, Petitioner must identify to this Court an avenue by which he could now return to state court and present to the state court the arguments he raises in this federal habeas matter. Finally, Petitioner may choose to concede that he did not properly exhaust any of the grounds for relief he now asserts and that those grounds are barred by anticipatory procedural default. Even if he does so, he may argue that this Court should consider the merits of his claims despite his failure to properly exhaust them. To do so, he must make certain showings.

## Exceptions to Exhaustion Requirement

A petitioner's claim that is barred by anticipatory procedural default cannot be considered in a federal habeas corpus action unless he (1) establishes cause and prejudice for his default of state court remedies or (2) establishes that a fundamental miscarriage of justice will occur if this Court does not consider his claims. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot*, 4 F.4th at 1028 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). To demonstrate cause in this context, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). For example, to show cause for the failure to exhaust issues Petitioner raised to the state district court but not the state appellate court, Petitioner must show that some objective factor external to the defense impeded his ability to raise the issue

on appeal. He also must show "actual prejudice as a result of the alleged violation of federal law." *See Coleman*, 501 U.S. at 750.

Petitioner asserts in his petition that he wanted to raise certain issues in his direct appeal but counsel refused to do so, which Petitioner may believe constituted ineffective assistance of counsel. The United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000).

This means that for a federal habeas petitioner to use the ineffective assistance of direct appeal counsel as cause to excuse the anticipatory procedural default of a ground for federal habeas relief, he must have argued *that* ineffective assistance of counsel claim to the state courts. In this case, for example, for Petitioner to argue successfully that the ineffective assistance of direct appeal counsel was the cause for his failure to raise Ground One to the state appellate courts in his direct appeal, he must show where he has argued to the state appellate courts that direct appeal counsel was unconstitutionally ineffective for refusing to raise the issues now in Ground One. Then Plaintiff must also show that he was prejudiced by direct appeal counsel's refusal.

An anticipatory procedural default also may be excused, meaning that this Court will reach the merits of the claim, if Petitioner can show that the failure to consider the merits of the claim would result in a fundamental miscarriage of justice. To proceed under this exception, Petitioner "must make a colorable showing of factual innocence." *See Beavers v. Saffle*, 216 F.3d 918, 923

11

(10th Cir. 2000). This exception requires a colorable showing of "'factual innocence not mere legal insufficiency.'" *See O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioner is not required to conclusively exonerate himself, but he must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

The actual innocence exception is sometimes called a gateway because, if successful, a petitioner is not guaranteed federal habeas relief. Instead, if a petitioner successfully makes a colorable showing of actual innocence, he passes through the gateway otherwise closed by the procedural default of a claim, meaning that the federal court may consider the merits of the defaulted claim. The Tenth Circuit has made clear:

> [T]enable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

To qualify for the actual innocence exception, Petitioner must present to this Court "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021). If Petitioner comes forward with new reliable evidence, "[t]he habeas court must make its determination . . . 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" *Schlup*, 513 U.S. at 328.

## Conclusion

After conducting the required initial Rule 4 review, the Court concludes that all of the grounds for relief asserted in the petition appear to be barred by anticipatory procedural default. Because the Court cannot consider the merits of claims that are barred by anticipatory procedural default, this matter appears subject to dismissal. Petitioner will be given time in which to submit a written response in which he shows either that Grounds One, Two, Three, and/or Four were properly exhausted or that avenues remain by which Petitioner could properly return to state court and exhaust his arguments. Petitioner may also choose to argue that this Court should consider the merits of his arguments regardless of his failure to properly exhaust them by showing (1) cause and prejudice or (2) that a fundamental miscarriage of justice will occur if the Court declines to consider the arguments on their merits. After Petitioner files his response to this order, the Court will review it carefully and will issue additional orders. If Petitioner fails to timely file a response to this order, this case will be dismissed without further prior notice to him.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including **December 12, 2025**, to submit a written response to this order that shows cause why this matter should not be dismissed because all of the grounds for relief asserted in the second amended petition are barred by anticipatory procedural default. If Petitioner fails to timely file a written response, this matter will be dismissed without further prior notice to him.

**IT IS SO ORDERED.**

DATED:   This 12th day of November, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
