IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARVIN L. GRAY, JR.,

                  **Petitioner,**

    v.                                      CASE NO. 25-3197-JWL

DAN SCHNURR,

                  **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Marvin L. Gray, Jr. (Docs. 1, 4, and 9.) The currently controlling pleading is the second amended petition filed November 3, 2025. (Doc. 9.) On November 12, 2025, the Court issued a memorandum and order to show cause ("MOSC") explaining that it does not appear that Petitioner properly exhausted any of the four of the grounds for relief asserted in the second amended petition. (Doc. 10.) The MOSC also explained that because there does not appear to be a procedural avenue by which Petitioner could return to state court and exhaust the arguments, the grounds for relief are barred by anticipatory procedural default. *Id.* at 8-9. The MOSC directed Petitioner to respond, in writing, by (1) identifying a procedural way by which he could return to state court to exhaust his arguments; (2) showing that one or more of the arguments was, in fact, properly exhausted; or (3) arguing that the Court should consider the merits of his defaulted arguments by showing (a) cause and prejudice or (b) that the failure to consider the merits of his federal habeas claims will result in a fundamental miscarriage of justice. *Id.* at 9-13.

Petitioner timely filed a written response to the MOSC. (Doc. 11.) Therein, he does not argue that the grounds for relief in the second amended petition were properly exhausted or that

1

they are currently barred by anticipatory procedural default. *Id.* at 1-2. Instead, he argues that there was cause for the default, that he suffered prejudice from the underlying constitutional violations, and that the failure to consider his asserted grounds for federal habeas relief on their merits would result in a fundamental miscarriage of justice. *Id.* Each argument is addressed below, although this order addresses them in a different order than they were presented in the response.

## Fundamental Miscarriage of Justice

The MOSC explained:

> An anticipatory procedural default . . . may be excused, meaning that this Court will reach the merits of the claim, if Petitioner can show that the failure to consider the merits of the claim would result in a fundamental miscarriage of justice. To proceed under this exception, Petitioner "must make a colorable showing of factual innocence." *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). This exception requires a colorable showing of "'factual innocence not mere legal insufficiency.'" *See O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioner is not required to conclusively exonerate himself, but he must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).
>
> The actual innocence exception is sometimes called a gateway because, if successful, a petitioner is not guaranteed federal habeas relief. Instead, if a petitioner successfully makes a colorable showing of actual innocence, he passes through the gateway otherwise closed by the procedural default of a claim, meaning that the federal court may consider the merits of the defaulted claim. The Tenth Circuit has made clear:
>
>> [T]enable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.
>
> *Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).
>
> To qualify for the actual innocence exception, Petitioner must present to this Court "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "An actual innocence claim must be

> based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021). If Petitioner comes forward with new reliable evidence, "[t]he habeas court must make its determination . . . 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" *Schlup*, 513 U.S. at 328.

(Doc. 10, p. 11-12.)

In his response to the MOSC, Petitioner "asks this court to review his defaulted claims to prevent a fundamental miscarriage of justice," asserting "actual innocence supported by newly presented evidence and expert testimony that undermines the prosecution[']s theory." (Doc. 11, p. 4.) He does not expand upon this request, nor has he presented new, reliable evidence to the Court. The Court recognizes that in the controlling second amended petition, Petitioner identifies certain evidence that was not presented to the jury, such as De'Angelo Murdock's statement regarding men he saw at the victim's home. (*See* Doc. 9, p. 18.) But Petitioner has not provided this Court with an affidavit from Mr. Murdock or any evidence of Mr. Murdock's statement other than Petitioner's assertion that it exists.

Part of the analysis of a petitioner's claim that he or she is entitled to pass through the actual innocence gateway is a determination of whether the new evidence is reliable. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Shlup*, 513 U.S. at 332, for the statement that "'[a] court may consider how . . . the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]'"). *See also Blacklock v. Schnurr*, No. 23-3253-JWL (D. Kan. Jan. 31, 2024) (unpublished memorandum and order) (finding unsworn affidavit unreliable); *Scott v. Bridges*, 2023 WL 5016642, *11 (E.D. Okla. Aug. 7, 2023) (unpublished opinion and order) (finding unreliable an unsworn letter from the petitioner's son and documents referred to but not presented); *Gutierrez v. Patton*, 2014 WL 6603423, *3-4 (W.D. Okla. Nov. 19, 2014) (unpublished order adopting report and recommendation) (finding unreliable

and not credible a statement that purportedly exonerated the petitioner but was not made upon penalty or perjury or oath or affirmation).

Simply put, because Petitioner has not provided to this Court any new evidence that supports his claim of factual innocence, the Court cannot find that he has provided new, reliable evidence that would allow him to pass through the actual innocence gateway. Although Petitioner mentions "new evidence," he has not submitted any new evidence to this Court for consideration. *See Stevenson v. Snyder*, 2025 WL 2770515, * (D. Kan. Sept. 26, 2025) (unpublished) (finding Petitioner failed to show colorable claim of actual innocence when he relied on asserted results from DNA testing and cell phone tower data but he did not provide this Court with the DNA testing results or the cell phone tower data on which he relied). Petitioner has therefore failed to convince the Court that he should be allowed through the actual innocence gateway to pursue his defaulted claims.

**Cause and Prejudice**

The MOSC explained:

> A petitioner's claim that is barred by anticipatory procedural default cannot be considered in a federal habeas corpus action unless he (1) establishes cause and prejudice for his default of state court remedies or (2) establishes that a fundamental miscarriage of justice will occur if this Court does not consider his claims. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot*, 4 F.4th at 1028 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). To demonstrate cause in this context, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). For example, to show cause for the failure to exhaust issues Petitioner raised to the state district court but not the state appellate court, Petitioner must show that some objective factor external to the defense impeded his ability to raise the issue on appeal. He also must show "actual prejudice as a result of the

> alleged violation of federal law." *See Coleman*, 501 U.S. at 750.
>
> Petitioner asserts in his petition that he wanted to raise certain issues in his direct appeal but counsel refused to do so, which Petitioner may believe constituted ineffective assistance of counsel. The United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000).
>
> This means that for a federal habeas petitioner to use the ineffective assistance of direct appeal counsel as cause to excuse the anticipatory procedural default of a ground for federal habeas relief, he must have argued *that* ineffective assistance of counsel claim to the state courts. In this case, for example, for Petitioner to argue successfully that the ineffective assistance of direct appeal counsel was the cause for his failure to raise Ground One to the state appellate courts in his direct appeal, he must show where he has argued to the state appellate courts that direct appeal counsel was unconstitutionally ineffective for refusing to raise the issues now in Ground One. Then [Petitioner] must also show that he was prejudiced by direct appeal counsel's refusal.

(Doc. 10, p. 10-11.)

Petitioner begins his response by setting out the meaning of anticipatory procedural default, including accurately stating that claims subject to anticipatory procedural default are considered technically exhausted, as there is no further avenue for exhaustion in the state courts. (Doc. 11, p. 2.) He also asserts that the cause of the default for "some claims" was that "the factual basis only became available through discovery after state proceedings." *Id.* at 3. Petitioner further states, without citing any legal support, that "[w]hen the legal or factual basis for a claim was not reasonably available due to COVID 19 shutdown, this external factor satisfies the cause element." *Id.*

Petitioner does not identify the claims that were not discoverable until after his state proceedings concluded, nor does he explain how effects of the COVID-19 pandemic prevented

5

him from exhausting his claims in state court at the appropriate time. Because Petitioner is proceeding pro se, the Court liberally construes the response to the MOSC, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Petitioner's conclusory statements regarding late discovery of the basis for "some claims" in his federal habeas petition and the effects of the COVID-19 pandemic are not sufficiently specific to demonstrate that an objective factor external to the defense actually impeded his ability to properly exhaust his arguments in state court.

Petitioner also identifies the ineffective assistance of counsel during his K.S.A. 60-1507 appeal as cause for the default. (Doc. 11, p. 2-3.) But Petitioner does not assert that he has argued to the Kansas state courts that counsel during the K.S.A. 60-1507 appeal provided unconstitutionally ineffective assistance. *Id.* Thus, as explained in the MOSC in the language quoted above, he cannot depend on ineffective assistance of counsel during the K.S.A. 60-1507 appeal to be sufficient cause for the failure to properly exhaust the claims he makes in this federal habeas action.

The Court notes, however, that the Kansas Court of Appeals has held: "The one-year period for filing a successive K.S.A. 60-1507 motion to challenge counsel's representation in a prior K.S.A. 60-1507 proceeding begins when the mandate is issued in that prior 60-1507 proceeding." *Stevenson v. Kansas*, 2023 WL 2723285, * (Kan. Ct. App. Mar. 31, 2023) (unpublished) (citing K.S.A. 2022 Supp. 60-1507(f)(1)(C) and *Rowell v. State*, 60 Kan. App. 2d 235, 241 (2021)), *rev. denied* April 23, 2024. The publicly available records of Petitioner's K.S.A. 60-1507 proceeding reflect that the Kansas Supreme Court denied his petition for review on July 30, 2025 and the

mandate issued on August 12, 2025. Thus, it seems as though Petitioner may still have time in which to return to state court to file a second K.S.A. 60-1507 motion and argue that he received ineffective assistance of counsel during the appeal of the first K.S.A. 60-1507 motion.

This Court will not opine on the potential for success of any future K.S.A. 60-1507 motion filed by Petitioner in the state courts. It merely notes that the option appears to remain available, which makes this Court hesitant to find that Petitioner, as a matter of law, cannot rely on the ineffective assistance of counsel in his first K.S.A. 60-1507 as cause for the default of the arguments on which he rests his claim for federal habeas relief.

Petitioner must therefore decide whether he wishes to return to state court and file a second K.S.A. 60-1507 motion alleging unconstitutionally ineffective assistance of appellate counsel in the first K.S.A. 60-1507 proceeding. If Petitioner fails to timely respond to this order or he advises the Court in writing that he does not intend to pursue a second K.S.A. 60-1507 motion, this federal habeas case will be dismissed with prejudice because all of the grounds for relief therein are barred by anticipatory procedural default and Petitioner has not shown that this Court should nevertheless consider their merits.

On the other hand, if Petitioner wishes to return to state court to pursue a second K.S.A. 60-1507 motion, he should file a motion to stay this matter and hold it in abeyance during the second K.S.A. 60-1507 proceedings. A federal district court may stay habeas proceedings to permit exhaustion of state court remedies on a claim if (1) good cause exists for the failure to exhaust the claim prior to filing the federal habeas petition; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner did not intentionally delay the proceedings. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). In addition, this Court must consider whether Petitioner is "close to the end of the 1-year period" established in 28 U.S.C. § 2244(d) for filing a federal habeas petition.

7

*Id.* at 275. If Petitioner files a motion to stay this case while he returns to state court, the motion to stay should address the *Rhines* factor.

In summary, the Court has carefully considered and liberally construed Petitioner's response to the MOSC regarding exhaustion and anticipatory procedural default of the grounds for relief asserted in the controlling second amended petition. The Court finds that Petitioner has not shown that he should be allowed to pass through the actual innocence gateway, nor has he shown that the effects of the COVID-19 pandemic caused his failure to fairly present the claims to the state courts at the appropriate time. The Court further finds that Petitioner has not shown that he has argued to the state appellate courts that appellate counsel was unconstitutionally ineffective during his K.S.A. 60-1507 proceedings. This failure means that Petitioner cannot now rely on that allegedly ineffective assistance as cause for the default of the claims in this federal habeas action.

It appears, however, that Petitioner may be able to return to state court to argue—in a second K.S.A. 60-1507 motion—that he received ineffective assistance of appellate counsel in the first K.S.A. 60-1507 proceedings. If Petitioner does so and, if necessary, pursues an appeal, he would then be procedurally allowed to assert in this federal habeas matter that the ineffective assistance of appellate counsel in the first K.S.A. 60-1507 proceeding was the cause for the default of claims on which he seeks federal habeas relief. This Court does not guarantee that such an argument would be successful, but Petitioner would be permitted to make the argument.

Petitioner will be granted time in which to file a motion to stay this matter and hold it in abeyance while he returns to state court to pursue a second K.S.A. 60-1507 motion. If Petitioner timely files a motion to stay, the Court will consider it and issue further orders as appropriate. If Petitioner fails to file a timely motion to stay, this matter will be dismissed with prejudice because, as this case stands currently, the Court cannot consider the merits of any of the grounds asserted

in the controlling second amended petition.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including January 12, 2026 in which to file a motion to stay this matter and hold it in abeyance, as set forth in this order. If Petitioner fails to timely file a motion to stay, this matter will be dismissed with prejudice because none of the grounds for relief asserted in the second amended petition were properly exhausted and Petitioner has not shown that an exception to the exhaustion requirement applies.

**IT IS SO ORDERED.**

DATED:   This 9th day of December, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum<br>JOHN W. LUNGSTRUM<br>United States District Judge