**FILED**
**U.S. District Court**
**District of Kansas**
01/21/2026
**Clerk, U.S. District Court**
**By:  SND  Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MARVIN L. GRAY, JR.,

Petitioner,

v.                                    CASE NO. 25-3197-JWL

DAN SCHNURR,

Respondent.

**MEMORANDUM AND ORDER**

Petitioner and state prisoner Marvin L. Gray, Jr. brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. On November 12, 2025, the Court issued a memorandum and order to show cause ("MOSC") explaining that it does not appear that Petitioner properly exhausted any of the four of the grounds for relief asserted in the second amended petition. (Doc. 10.) The MOSC also explained that because there does not appear to be a procedural avenue by which Petitioner could return to state court and exhaust the arguments, the grounds for relief are barred by anticipatory procedural default. *Id.* at 8-9. The MOSC directed Petitioner to respond, in writing, by (1) identifying a procedural way by which he could return to state court to exhaust his arguments; (2) showing that one or more of the arguments was, in fact, properly exhausted; or (3) arguing that the Court should consider the merits of his defaulted arguments by showing (a) cause and prejudice or (b) that the failure to consider the merits of his federal habeas claims will result in a fundamental miscarriage of justice. *Id.* at 9-13.

Petitioner timely filed a written response to the MOSC. (Doc. 11.) He did not argue that the grounds for relief in the second amended petition were properly exhausted or that they are not

1

currently barred by anticipatory procedural default. *Id.* at 1-2. Instead, he argued that there was cause for the default, that he suffered prejudice from the underlying constitutional violations, and that the failure to consider his asserted grounds for federal habeas relief on their merits would result in a fundamental miscarriage of justice. *Id.*

On December 9, 2025, the Court issued a memorandum and order ("M&O") in which it analyzed Petitioner's arguments and determined that Petitioner had "failed to convince the Court that he should be allowed through the actual innocence gateway to pursue his defaulted claims" and he had not shown sufficient cause for the default of his claims. (Doc. 12, p. 4, 8.) It appeared, however, that Petitioner might have an avenue in state court to argue the ineffective assistance of counsel that he asserted was such cause. *Id.* at 8. Therefore, the M&O concluded:

> Petitioner will be granted time in which to file a motion to stay this matter and hold it in abeyance while he returns to state court to pursue a second K.S.A. 60-1507 motion. If Petitioner timely files a motion to stay, the Court will consider it and issue further orders as appropriate. If Petitioner fails to file a timely motion to stay, this matter will be dismissed with prejudice because, as this case stands currently, the Court cannot consider the merits of any of the grounds asserted in the controlling second amended petition.

*Id.* at 8-9.

The deadline for Petitioner to file his motion to stay was January 12, 2025. *Id.* at 9. As of the date of this order, the Court has received no motion to stay from Petitioner. Accordingly, this matter will be dismissed with prejudice for the reasons set forth in the MOSC and the M&O.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order in a habeas matter.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed with prejudice. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 21st day of January, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge