FILED
U.S. District Court
District of Kansas
02/19/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARVIN L. GRAY, JR.,

                Petitioner,

      v.                                      CASE NO. 25-3197-JWL

TIM EASLEY[1],

                Respondent.

**MEMORANDUM AND ORDER**

      This matter is a pro se petition for writ of habeas corpus filed on September 18, 2025 pursuant to 28 U.S.C. § 2254 by Petitioner Marvin L. Gray, Jr., a state prisoner who, at the time, was incarcerated at Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas. On December 9, 2025, the Court granted Petitioner until and including January 12, 2026 in which to file a motion to stay this matter and hold it in abeyance. (Doc. 12, p. 9.) Petitioner was informed that if he "fails to timely file a motion to stay, this matter will be dismissed with prejudice because none of the grounds for relief asserted in the second amended petition were properly exhausted and Petitioner has not shown that an exception to the exhaustion requirement applies." *Id.* On January 21, 2026, because the Court had not received a motion to stay from Petitioner, the Court dismissed this matter with prejudice, declined to issue a certificate of appealability, and entered

---

[1] When Petitioner filed the petition that began this case, he named the State of Kansas as Respondent. (Doc. 1.) The proper respondent in a federal habeas action by a state prisoner, however, is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, in an order dated September 29, 2025, the Court substituted Dan Schnurr, the warden of Hutchinson Correctional Facility, where Petitioner was confined, as Respondent. (*See* Doc. 3, p. 1.) According to the return address on the envelope containing Petitioner's most recent filing in this case, Petitioner has been transferred to and currently is confined at Larned State Correctional Facility in Larned, Kansas. (Doc. 15-1.) Thus, Tim Easley, the current warden of Larned State Correctional Facility will be substituted as Respondent in this matter.

1

judgment. (Docs. 13 and 14.)

On February 18, 2026, the Court received from Petitioner a letter to the District Court Clerk, which the Court liberally construes as a motion to reconsider the dismissal. (Doc. 15.) The motion was mailed to the Court from Larned State Correctional Facility ("LSCF") in Larned, Kansas. (*See* Doc. 15-1.) In the motion, Petitioner asserts that he has been held in segregation, but he "turned in [his] motion for stay to be e-filed [on] December 18, 2025" and was "assured" by staff that the motion was filed. (Doc. 15, p. 1.) Petitioner states that the next thing he received was the judgment of dismissal entered in this case. *Id.* He asks the Court to allow him to file the motion to stay. *Id.*

In light of Petitioner's assertion that he gave a motion to stay to HCF staff, who did not e-file it but told him that they had done so, Petitioner's request will be granted. The Court will direct the clerk to reopen this case and Petitioner will be granted time in which to submit the motion to stay this matter and hold it in abeyance. Petitioner is advised that no further extensions of this deadline will be granted. If he does not submit a motion to stay this matter and hold it in abeyance on or before March 23, 2026, this matter will be dismissed without prejudice for the reasons already explained to Petitioner. If Petitioner timely submits a motion to stay, the Court will consider it and will issue further orders as necessary.

In addition, Petitioner is reminded that Local Rule 5.1(b)(3) states:  "Each attorney or pro se party must notify the clerk of any change of address or telephone number." D. Kan. R. 5.1(b)(3). If Petitioner is transferred to another facility in the future, he must notify the clerk of his change of address. Furthermore, because LSCF is a facility with mandatory electronic filing, Petitioner should not submit future filings by mailing them to the Court; he should follow the instructions available at LSCF for e-filing documents with the Court.

2

**IT IS THEREFORE ORDERED** that the motion for reconsideration (**Doc. 15**) is **granted**. The clerk shall **vacate** the January 21, 2026 memorandum and order that dismissed this case (**Doc. 13**) and shall **vacate** the judgment entered the same day (**Doc. 14**).

**IT IS FURTHER ORDERED** that Tim Easley, Warden of Larned State Correctional Facility, where Petitioner currently is incarcerated, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **March 23, 2026** in which to comply with the Court's order of December 9, 2025 (Doc. 12) and file a motion to stay this matter and hold it in abeyance. If he fails to do so, this matter will be dismissed with prejudice and without further notice to Petitioner.

**IT IS SO ORDERED.**

DATED:  This 19th day of February, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum<br>
JOHN W. LUNGSTRUM<br>
United States District Judge